FRANK S. USHER, Respondent, v. SCHENECTADY MASON SUPPLY CORPORATION et al., Appellants.— Appeal from a judgment of the Supreme Court, Schenectady County, entered January 11, 1949, directing the transfer of corporate stock certificates and the entries on corporate records. Before 1936, plaintiff Usher and defendant Salmon owned equal shares in the defendant corporation. An agreement entered in the minutes of the corporation that one should not acquire stock in excess of the holdings of the other, had by its express terms, expired in 1929. There is no sufficient proof of any binding renewal of this agreement, or the making of any new binding agreement of a mutual limitation of stock ownership effective in 1936. Neither mutuality, writing, nor express terms are shown by defendant Salmon in support of his contention that there was a renewal of the restrictive agreement. Even if he had established exactly what he pleaded, that an agreement was made March 1, 1934, restricting stock ownership, it would have been revocable at will since it was unlimited in duration. No proof supports Salmon's pleading that a new covenant in this respect was made between the individual parties in 1934. There was thus in 1936 no binding contractual obstacle to Usher's acquisition of more stock than Salmon. It is undisputed that both Salmon and Usher received from John A. Pugh in 1936 $1,000 each for twenty shares of stock issued by the corporation, and that the corporation itself received no consideration for the issuance of this stock. But the issuance of the stock represented the act of all of the stockholders of the corporation; the purchaser paid the officers of the corporation for the stock and the whole course of transaction suggests that if the corporation is not satisfied with the acts of all its stockholders it should charge the sale of stock against their holdings rather than to its treasury stock account. The Official Referee found that the issuance of the stock to Pugh was valid and the clear ratification of this by men who were not only the only officers of the corporation, but its only stockholders, would lead to an affirmance of the Official Referee's decision in this respect. There is testimony in the record by Usher, not contradicted by Salmon, that Salmon suggested the stock sold to Pugh, for which both officers received an equal sum, be taken from the treasury stock rather than charged to their individual holdings. The Referee was right in deciding that there was no actionable conspiracy between Usher and Pugh affecting any legal right of Salmon or the corporation. The record is devoid of reliable proof on this subject. If Usher's testimony be accepted, as the Official

Referee seems to have done, he bought the stock from Pugh after Salmon had threatened to buy it and eliminate Usher from the corporation. Since Pugh's stock was lawfully acquired, there was no legal prohibition against Usher's buying it. His legal title to the stock requires that Salmon as treasurer sign the certificate, as well as the other certificates presented to him not involved in the transaction with Pugh. The action against Salmon was instituted within one year of the dismissal of a previous mandamus proceeding not on the merits and the Statute of Limitations is not available to Salmon. No demand is pleaded against the corporation that it enter the transfer on its books; and the institution of the action is therefore a sufficient demand. The necessity to make this entry would ordinarily follow the execution of the certificates by the proper officers and this follows in the sequence of events as provided by the judgment. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ. [See *post,* p. 876.]